

IN THE
TENTH COURT OF APPEALS

No. 10-16-00361-CV

IN RE JORDAN RENEE HAMONS

Original Proceeding

DISSENTING OPINION

Christopher Zane Hamons is from Texas. He joined the military. While stationed in South Carolina, he met Jordon. Married her there. Their son was born there. The entire family was planning to move back to Texas at the end of his military service. Circumstances changed; and they decide Jordon is going to stay in South Carolina, and Christopher will move back to Texas. At that time, the son has never lived any place other than South Carolina. Christopher and Jordon signed an informal agreement regarding custody of their son on January 22, 2016. Thereafter, Christopher and his son

moved to Texas. On April 19, 2016, Christopher filed an Original Petition for Divorce and Suit Affecting the Parent-Child Relationship in Texas.

In response to the Texas court proceedings, Jordon filed a Special Appearance, Plea to the Jurisdiction, Request for Court to Decline Jurisdiction, and an Original Answer.

On May 17, 2016, a hearing was held to determine the issue of subject matter jurisdiction to make a child custody determination. The trial court denied Jordon's Plea to the Jurisdiction and the request for the trial court to decline jurisdiction to hear the Original Petition for Divorce and Suit Affecting the Parent-Child Relationship.

Jordon filed a petition for writ of mandamus to compel "the trial court to vacate the order of May 16, 2016 denying Relator's [Jordon's] Plea to the Jurisdiction and ordering the trial court to grant Relator's Motion to Transfer and transfer the case to South Carolina, the child's home state." The Court requested a response to the petition which has been filed.

There are a number of issues with the petition for writ of mandamus that make the ultimate disposition of this proceeding less than ideal. The primary problem is that we have not been provided a record beyond the sworn allegations in the petition and the response.[1] Nevertheless, the above and foregoing recitation of the facts and the procedural development of the case are not in dispute. Moreover, we do not need

---

[1] Christopher provided a reporter's record of the hearing and a copy of the informal custody agreement as an appendix.

anything else to evaluate the trial court's jurisdiction. While Christopher's response raises some procedural issues about the propriety of the mandamus petition and relief, he does not provide any substantive legal basis to support the trial court's ruling. The factual disputes referenced in his response are irrelevant to the jurisdictional issue.

On these facts there can be no question that South Carolina is the "Home State" of the son. TEX. FAM. CODE ANN. § 152.102(7) (West 2014). Further, under Texas Family Code section 152.201, I find no basis for the trial court to assert "jurisdiction to make an initial child custody determination." *Id*. § 152.201(a); *In re Walker*, 428 S.W.3d 212 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

This is the classic time that a mandamus is the proper method to obtain immediate review of a trial court order because the entire proceeding as it relates to the child custody determination will be void for lack of jurisdiction. Particularly since this proceeding involves a young child, rather than making the parties go through the entire proceeding before we address the issue on appeal, we should resolve it now. There may be a question of whether Christopher complied with the requirements of Texas Family Code section 6.301 at the time the Original Petition was filed, and thus there may be some question whether he can properly pursue the divorce proceeding in Texas. But there is no question that the trial court lacks jurisdiction to make an initial determination in a suit affecting the parent-child relationship. I would conditionally grant the petition and issue the writ of mandamus if the trial court failed to withdraw its order to the extent that the trial court

asserts jurisdiction to make an initial determination in a suit affecting the parent-child relationship.

Because the Court summarily denies the petition, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting opinion issued and filed January 11, 2017

